IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-369-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| MARCUS SHONNELA BROWN | ) | |

This matter came before the court on defendant's motion to determine competency to stand trial, set for hearing December 17, 2009, which hearing proceeded pursuant to 18 U.S.C. § 4241. After careful consideration of all the evidence presented, the court found defendant competent to stand trial. This opinion sets forth more particularly the reasons for this determination.

In making a competency determination, the court must decide whether defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... and whether he has a rational as well as factual understanding of the proceedings against him." United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005) (quoting Dusky v. United States, 362 U.S. 402 (1960)). Here, where defendant contests his own competence, he must show by a preponderance of the evidence that he is not competent. Robinson, 404 F.3d at 856; Medina v. California, 505 U.S. 437, 449 (1992).

At hearing, defendant called as witnesses his mother and Dr. Lisa B. Feldman, the psychologist who oversaw his competency evaluation. In particular, the testimony of Dr. Feldman revealed that defendant displayed a nuanced understanding of the legal process throughout his evaluation. In monitored conversations, defendant spoke of the law surrounding his alleged offense in detail and of the possible sentencing consequences he might face as an armed career criminal. There was also evidence that

defendant understood the nature of the charges against him and the factual scenario in which they arose, nothwithstanding conduct to the contrary, deemed manipulative and manufactured which conduct itself supported this determination.

While defendant has behavioral issues readily apparent of or relating to his ability to relate to and interact with others, defendant did not carry the burden of showing by a preponderance of the evidence that he is not competent. Defendant can assist his counsel in his defense. In this direction now defendant shall turn, as the court's attention also turns towards trial of this matter.

Through counsel, defendant affirmed at hearing that no further time for conduct of discovery or filing of motions is necessary. Additionally, defendant's arraignment and trial was continued until the court's January 2010 term, and any delay resulting from this continuance excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.

This the 18th day of December, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge